UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| **YIFAN ZHANG,**<br><br>Plaintiff,<br><br>-vs-<br><br>**XU ZHONGYUAN, JOHN DOES #1-10 AND ABC CORPS. #s 1-10, said names being fictitious**<br><br>Defendant. | Civil No.:<br><br>Civil Action<br><br>**COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS (FRCP 34), DEMAND FOR INSURANCE INFORMATION, DEMAND FOR INTERROGATORIES (FRCP 33)** |

Plaintiff Yifan Zhang, by way of Complaint and Jury Demand says:

PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Yifan Zhang is a citizen of the United States, a citizen of the State of New Jersey, and currently resides at 101 Shearwater Court East Apartment 43, Jersey City, New Jersey.

2. Defendant Xu Zhongyuan is a citizen of the United States, a citizen of the State of Illinois, and currently resides at 195 North Harbor Drive, Chicago, Illinois.

3. Given the existence of complete diversity of citizenship and damages in excess of $75,000, exclusive of interest and costs, jurisdiction lies in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §1332(a), U.S. Constitution, Art. III, § 2 and 28 U.S.C. § 1332.

4. Venue is properly laid in the District of New Jersey, pursuant to 28 U.S.C. §1391(b), because plaintiff is a resident of New Jersey in which this district is located.

## COUNT ONE

5. Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

6. On March 1, 2019, Plaintiff Yifan Zhang was lawfully on the premises of Lake Louis Ski Resort in Alberta, Canada.

7. At the aforesaid time and place, Defendant Xu Zhongyuan was lawfully on the premises of Lake Louis Ski Resort in Alberta, Canada.

8. Defendant, Xu Zhongyuan, was negligent in creating a dangerous condition by failing to exercise reasonable care resulting in a severe crash and serious personal injury to Plaintiff.

9. The aforesaid accident arose as a result of the negligence of the Defendant.

10. At all relevant times, Defendant had a duty to Plaintiff to refrain from negligent conduct.

11. At the aforesaid place and time, Defendant negligently failed to exercise reasonable care while skiing.

12. Defendant is additionally careless and negligent in the care and maintenance of the premises at the time of the aforesaid incident causing the injury.

13. The aforesaid acts of negligence were proximate causes of the Plaintiff's severe injury.

14. As a result of the aforesaid Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities, has sustained economic loss, and has permanent disabilities that will affect Plaintiff.

**WHEREFORE**, Plaintiff Yifan Zhang demands judgment against Defendant, Xu Zhongyuan, for damages, interest and costs of suit.

## COUNT TWO

15. Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

16. Defendant, Xu Zhongyuan, recklessly and with willful and wanton disregard of his surroundings created a severe crash and serious personal injury to Plaintiff.

17. The aforesaid incident arose as a result of the reckless conduct and willful disregard of the Defendant.

18. At all relevant times, Defendant, Xu Zhongyuan, had a duty to Plaintiff to refrain from reckless conduct.

19. At the aforesaid place and time, Defendant engaged in reckless conduct by failing to acknowledge his surroundings.

20. The aforesaid acts of Defendant's recklessness were proximate causes of the Plaintiff's severe injury.

21. As a result of the aforesaid Plaintiff suffered injuries requiring medical treatment, was caused pain and suffering, was prevented from pursuing usual activities, has sustained economic loss, and has permanent disabilities that will affect Plaintiff.

**WHEREFORE**, Plaintiff Yifan Zhang demands judgment damages against Defendant, Xu Zhongyuan, for compensatory and punitive damages, interest and costs of suit.

COUNT THREE

22. Plaintiff repeats the allegations of the previous Paragraphs as if same were set forth at length herein.

23. Defendants, John Does #1-10 and ABC Corps #1-10, are fictitious names intended to identify any and all parties, including individuals, corporations and/or other entities whose identities are presently unknown to the plaintiff, who together with the named defendants were responsible for the ownership, maintenance, clearing, warning, abatement, fencing, repairing and otherwise condition of the rear property.

24. As a direct and proximate result of the negligence and carelessness of defendants, plaintiff was severely injured, disabled and disfigured, suffered, and will continue to suffer great pain and mental anguish was and will continue to be, prevented from attending to usual daily activities, was caused to expend large sums on money to cure and treat injuries sustained, and has been caused to suffer temporary and permanent disability.

**WHEREFORE**, Plaintiff Yifan Zhang demands judgment against Defendants for damages, interest and costs of suit.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues.

## NOTICE OF DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designate Cornelius Caruso, Esq. as Trial Counsel.

## NOTICE TO PRODUCE DOCUMENTS (FRCP 34)

**PLEASE TAKE NOTICE** that pursuant to FRCP 34, plaintiff demands the production for purposes of inspection and copying at the offices of Howard D. Popper, Esq., 1 Western Avenue, Morristown, New Jersey, 07960, within 30 days after service of the within pleadings, of the following items pertaining to the allegations of this Complaint:

1. Any written statements which you, or your counsel, have in your possession, custody, or control in regard to the March 1, 2019 incident/accident.

2. Copies of any photographs, videos or other reproduction which you have in your possession, custody, or control which relate, in any manner, to the incident, to the injuries which plaintiff claims to have been sustained as a result of this incident/accident, or to property damage caused by this incident/accident.

3. A copy of all medical records regarding any treatment or consultation sought, or received, by plaintiff as a result of this incident/accident.

4. Any documents which you claim (a) support the separate defenses set forth in your responsive pleading to plaintiff's complaint and your answers to interrogatories or (b) rebut the allegations set forth in plaintiff's complaint or her answers to interrogatories.

5. All documentation regarding any compensation or reimbursement which you claim plaintiff received, or requested, as a result of this accident/incident.

6. A copy of, or a description by category or location of, all documents, dates of compilations, and tangible things in the possession, custody or control of the defendant that relate to the disputed facts alleged with particularity in the pleadings.

7. A copy of all written reports prepared and signed by any person who may be used at trial under FRCP 26.

8. Copies of all notes, records, and reports of all doctors, or any other healthcare professional retained by defendant for purposes of performing an examination and evaluation on the plaintiff.

9. Any written statement which you or your counsel have in your possession regarding any of the facts set forth in any party's answer to interrogatories, initial pleading, or responsive pleading, or with respect to any damages.

10. Copies of all documents, not otherwise set forth, which were sent to or received from the plaintiff.

11. Copies of all statements and other documents obtained by any person or entity which concern or relate to plaintiff's complaint or any defendant(s) answers, separate defense(s), or counterclaim.

12. All documents which were filled out by or on behalf of plaintiff at the request of defendant's expert, or his/her agents or employees.

13. All documents considered by defendant's expert in preparing his/her report or conducting an examination or evaluation.

14. All diagrams, charts models, drawings, maps or other exhibits prepared by or on behalf of any party related to the subject matter of the complaint.

15. All books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations, standards, or other documents referred to and utilized by or relied upon by any expert witness whom the party responding to this document demand intends to call at trial.

16. All treatises, textbooks, articles, papers, writings, commentaries, and documents which you, your counsel, and/or your experts intend to rely upon to rebut, examine and/or cross-examine any witness, including expert witnesses, in this matter, including but not limited

to the exact page upon which you, your attorney and/or your expert intend to rely, as well as the exact title, name, author, publisher, date of publication, and edition.

17. All transcripts of sworn testimony (including but not limited to depositions and testimony before any tribunal and/or court) given by an expert who may testify in this matter.

18. All documents concerning all claims for bodily injury to plaintiff that are in the possession, custody, or control of defendant or defendant's attorney.

19. Copies of all statements that will be used at trial, or will be used to cross-examine or impeach any witness.

20. All surveillance videos, reports, notes, memoranda, or other documents respecting plaintiff.

21. All documents that support any contention that any medical care provided to the plaintiff Yifan Zhang was not necessary or that the charges were not reasonable.

22. Color duplicates of the condition of the area in question taken immediately following plaintiff Yifan Zhang's incident.

23. The entire claims and investigation file or files including but not limited to communications to and from all insurance carriers, parties, or potential parties, request(s) for investigation and/or reports/findings or investigators, both in-house and/or independent, related to plaintiff's claims.

## **DEMAND FOR ANSWERS TO INTERROGATORIES (FRCP 33)**

**PLEASE TAKE NOTICE** that pursuant to FRCP 33, plaintiff demands answers to the following interrogatories to be served on plaintiff's counsel, within 30 days after service of the within pleadings:

1.  Describe the accident or occurrence in detail, setting forth the date, time, location, and any relevant weather conditions.

2.  If you intend to set up or plead or have set up or pleaded negligence or any other separate defense as to the plaintiff or if you have or intend to set up a counterclaim, cross-claim, or third-party action, (a) state the facts upon which you intend to predicate such defenses, counterclaim, cross-claim, or third party action; and (b) identify a copy of every document relating to such facts.

3.  State the names and addresses of all persons who have knowledge of any relevant facts relating to the case.

4.  State (a) the name and address of any person who has made a statement regarding this lawsuit; (b) whether the statement was oral or in writing; (c) the date the statement was made; (d) the name and address of the person to whom the statement was made; (e) the name and address of each person present when the statement was made; and (f) the name and address of each person who has knowledge of the statement. Unless subject to a claim of privilege, which must be specified: (g) attach a copy of the statement, if it is in writing; (h) if the statement was oral, state whether a recording was made and, if so, set forth the nature of the recording and the name and address of the person who has custody of it; and (i) if the statement was oral and no recording was made, provide a detailed summary of its contents.

5.  If you claim that the plaintiff made any statements or admissions as to the subject matter of this lawsuit, state: (a) the date made; (b) the name of the person by whom made; (c) the name and address of the person to whom made; (d) where made; (e) the name and address of each person present at the time the admission was made; (f) the contents of the admission; and (g) if in writing, attach a copy.

6.  If you contend that the plaintiff's damages were caused or contributed to by the negligence of any other person, set forth the name and address of the other person and the facts upon which you will rely in establishing that negligence.

7.  State the names and addresses of all eyewitnesses to the accident or occurrence, their relationship to you and their interest in this lawsuit.

8.  If any photographs, videotapes, audio tapes or other forms of electronic recording, sketches, reproductions, charts or maps were made with respect to anything that is relevant to the subject matter of the complaint, describe: (a) the number of each; (b) what each shows or contains; (c) the date taken or made; (d) the names and addresses of the persons who made them; (e) in whose possession they are at present; and (f) if in your possession, attach a copy, or if not subject to convenient copying, state the location where inspection and copying may take place.

9.  State the names and addresses of all proposed expert witnesses. Set forth in detail the qualifications of each expert named and attach a copy of each expert's current resume. Also attach true copies of all written reports provided to you by any such proposed expert witnesses. With respect to all expert witnesses, including treating physicians, who are expected to testify at trial, and with respect to any person who has conducted an examination pursuant to FRCP 26, state each such witness's name, address and area of expertise and attach a true copy of all written reports provided to you. State the subject matter on which your experts are expected to testify. State the substance of the facts and opinions to which your experts are expected to testify and provide a summary of the factual grounds for each opinion.

10. If you contend or intend to contend at the time of trial that the plaintiff sustained personal injuries in any prior or subsequent accident, state: (a) the date of said accident; (b) the injuries you contend that plaintiff sustained; (c) the parties involved in said accident; (d) the source from

which you obtained the information; and (e) attach a copy of any written documents regarding this information.

11. If you were not present at the time of the accident or occurrence, state: (a) whether you had notice or knowledge thereof; (b) when, where, in what manner and from whom such notice or knowledge was received or acquired; and (c) whether there was any person(s) acting on your behalf present on the premises at the time of plaintiff's injury and, if so, include their name(s) and address(es).

12. If prior to the accident or occurrence, you had actual notice or knowledge of the conditions, artificial or natural, alleged by the plaintiff to have caused or resulted in the accident or occurrence, state: (a) on what date you had such actual notice or first acquired such knowledge; and (b) the manner in which such notice or knowledge was received or acquired.

13. Do you, or does any person acting on your behalf, have any reports concerning the occurrence of plaintiff's injury? If the answer is "yes", state: (a) the full name, present or last known address and telephone number of the person making it; (b) the date made; (c) the purpose of each report, including, but not limited to, investigatory or accident report; (d) the field of expertise and relationship to you of the person making it; (e) whether or not it was made in the regular course of business; (f) the findings; (g) whether it was written or oral; and (h) if written, attach a copy hereto, and if oral, set forth the substance thereof.

14. State whether any remediation and changes were made to the premises or property after plaintiff's injury. If the answer is "yes", state: (a) the full name and present or last known address of each person who endeavored to correct the condition; (b) indicate the nature of the work performed; and (c) describe in detail the exact nature and location of the condition as it was found to exist prior to any work performed.

15. Enumerate specifically, all of the things you contend the party serving these interrogatories did which should not have been done.

Enumerate specifically, all of the things you contend the party serving these interrogatories did not do which should have been done.

16. If you contend that any document or item of potential evidence produced in this action is not properly authenticated or identified within the meaning of applicable evidence rules, or otherwise dispute its admissibility into evidence, set forth all facts relevant to your contention.

## DEMAND FOR INSURANCE INFORMATION

Please provide all insurance agreements or policies under which any person or firm carrying an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy judgment pursuant to FRCP 26(a)(1)(A)(iv). Terms of the policy are also requested.

**HOWARD D. POPPER, ESQ.**

Dated: February 26, 2021     By: *Howard D. Popper*
                                                **HOWARD D. POPPER, ESQ.**

HOWARD D. POPPER, ESQ.
1 Western Avenue
Morristown, New Jersey 07960
(973)993-8787
hpopper@popperlaw.com
Attorney for Plaintiff, Yifan Zhang