NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| YIFAN ZHANG,<br><br>    Plaintiff,<br><br>v.<br><br>XU ZHONGYUAN, JOHN DOES #1-10, AND ABC CORPS. #1-10,<br><br>    Defendants. | Civil Action No. 21-3643 (SDW) (LDW)<br><br>**WHEREAS OPINION**<br><br>June 7, 2021 |

**WIGENTON,** District Judge.

  **THIS MATTER** having come before this Court upon the filing of Defendant Xu Zhongyuan's ("Defendant") Motion to Dismiss ("Motion") Plaintiff Yifan Zhang's ("Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(3) for improper venue; and

  **WHEREAS** Plaintiff was injured on or about March 1, 2019, while skiing in Alberta, Canada (D.E. 1 ¶¶ 6, 8–9, 11); and

  **WHEREAS** on February 26, 2021, Plaintiff, a New Jersey citizen, filed this matter in the District of New Jersey, asserting three counts sounding in negligence against Defendant, a citizen of Illinois (*id.* ¶¶ 1–2, 5–24); and

  **WHEREAS** Defendant filed his Motion on March 29, 2021 (D.E. 5), and all briefs were

filed in accordance with Magistrate Judge Leda D. Wettre's scheduling order (D.E. 10, 11, 12);[1] and

**WHEREAS** "federal district courts in New Jersey may assert personal jurisdiction over a nonresident only to the extent authorized by state law." *Boyd v. Arizona*, 469 F. App'x 92, 97 (3d Cir. 2012) (citing *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 155 (3d Cir. 2010)). To this end, "New Jersey's long-arm statute provides for jurisdiction coextensive with the due process requirements of the United States Constitution." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 96 (3d Cir. 2004).

**WHEREAS** constitutional due process principles provide that a court may assert either specific or general jurisdiction over a nonresident defendant. *Spuglio v. Cabaret Lounge*, 344 F. App'x 724, 725 (3d Cir. 2009). Specific jurisdiction is established through a minimum contacts analysis. *See Int'l Shoe Co. v. State of Wash.*, 326 U.S. 310, 316 (1945); *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 316 (3d Cir. 2007). In the Third Circuit, proving specific jurisdiction requires establishing the following three requirements: (1) "the defendant must have purposefully directed [its] activities at the forum"; (2) "the litigation must arise out of or relate to at least one of those activities"; and (3) if the first two requirements are met, the exercise of jurisdiction must "otherwise comport[ ] with fair play and substantial justice." *O'Connor*, 496 F.3d at 317 (internal citations and quotations omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). General jurisdiction, by contrast, requires the defendant to have "systematic and continuous" contacts with the forum state. *Spuglio*, 344 F. App'x at 725 (quoting *Int'l Shoe*, 326 U.S. at 320);

---

[1] Defendant filed his Motion prematurely after Judge Wettre set a telephone conference for April 15, 2021 and directed that no motions be filed prior to the Court's conference. (D.E. 4, 6.) Because the parties were unable to resolve their disputes thereafter, Defendant reinstated his Motion on April 22, 2021. (D.E. 8, 9.)

and

**WHEREAS** if a defendant challenges a court's exercise of personal jurisdiction pursuant to Rule 12(b)(2), "the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction" with sworn affidavits or other competent documentary evidence. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 146 (3d Cir. 1992); *Miller Yacht*, 384 F.3d at 101, n.6. The facts must demonstrate that the defendant purposefully availed himself "of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal.*, 480 U.S. 102, 109 (1987); and

**WHEREAS** Plaintiff does not oppose Defendant's Motion to Dismiss for lack of personal jurisdiction (D.E. 11 at 1, 6 (conceding that "Plaintiff does not have any facts" to oppose Defendant's Motion "in good faith")); and

**WHEREAS** the only connection to New Jersey is the mere fact that a New Jersey resident was involved in a ski accident in Canada (*see generally* D.E. 1); and

**WHEREAS** in line with the parties' positions, this Court finds that it lacks general and specific jurisdiction over the out-of-state Defendant who has not purposefully availed himself of activity towards New Jersey, has no contacts in New Jersey, and has not consented to suit in New Jersey, *see, e.g.*, *Covelman v. Hotel St. Regis*, No. 14-5757, 2016 WL 762661, at *3 (D.N.J. Feb. 25, 2016) (finding no personal jurisdiction over an out-of-state defendant where the parties conceded the same); *see also Adelson v. Enter. Car Rental*, No. 17-2209, 2017 WL 4538931, at *3 (D.N.J. Oct. 10, 2017) (citing *Decker v. Dyson*, 165 F. App'x 951, 953 (3d Cir. 2006)) and

**WHEREAS** Plaintiff requests that this Court dismiss the instant action *without prejudice*

and toll the applicable statute of limitations for one year to allow the re-filing of this matter in Illinois state court, or alternatively, asks that this case be transferred to the Northern District of Illinois (*id.* at 1); and

**WHEREAS** the dismissal of this matter is *without prejudice*, so that Plaintiff may re-file the action in an appropriate court;[2] and

**WHEREAS** this Court declines to toll the limitations period and does not opine on any purported timeliness issues; and

**WHEREAS** the Third Circuit has stated that "a district court that lacks personal jurisdiction must at least consider a transfer." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020). As such, although this Court has broad discretion to evaluate whether a transfer "is in the interest of justice" *see* 28 U.S.C. § 1631, "it need not investigate on its own all other courts that 'might' or 'could have' heard the case." *Robert E. Havell Revocable Tr. v. 41 Still Rd, LLC*, No. 20-2468, 2021 WL 754032, at *5 (D.N.J. Feb. 25, 2021) (quoting *Danziger*, 948 F.3d at 132).

**WHEREAS** Plaintiff's alternative but "not preferable" request to transfer this matter to the Northern District of Illinois lacks argument (*see generally* D.E. 11); and

**WHEREAS** it remains unclear whether the proposed transfer is "in the interest of justice," particularly when the accident at issue occurred in Canada.[3] *See 41 Still Rd, LLC*, 2021 WL 754032, at *5.

---

[2] Defendant does not object to dismissal of the action *without prejudice*. (*See generally* D.E. 12.) Because the parties concede that this Court lacks personal jurisdiction over Defendant, it will not assess arguments as to improper venue.

[3] Furthermore, despite Plaintiff's request to toll the statute of limitations, he confidently asserts that the Illinois Saving Statute "will entitle Plaintiff to have his day in Court," precluding any limitations issues. (*See* D.E. 11 at 5–6.)

Accordingly, for the reasons set forth above, Defendant's Motion (D.E. 5) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** *without prejudice* and Plaintiff's alternative request to transfer this action to the Northern District of Illinois is **DENIED**. An appropriate order follows.

/s/ Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Leda D. Wettre, U.S.M.J.
     Parties